UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-252-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DAMIEN GIOVANNI BEY ) | |

This matter is before the court on defendant's *pro se* motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and to supplement that motion.

This statute permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Under this policy statement, a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant was convicted of distribution of more than 5 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). At defendant's sentencing in March 2004, his base offense level was determined by reference to U.S.S.G. § 2D1.1. At that time, the maximum base offense level (in cases not involving death or serious bodily injury) was 38 based on a quantity of 1.5 kilograms or more of crack. See U.S.S.G. § 2D1.1(a),(c)(1) (2003). Defendant was held accountable for an amount of crack exceeding 1.5 kilograms and accordingly, with an adjustment for acceptance of responsibility, the court determined defendant's total offense level was 35.

With a criminal history category of VI, the resulting guideline range was 292 to 365 months. The court sentenced defendant to 292 months imprisonment.

Defendant argues that because he did not admit at his plea hearing to a quantity of crack greater than 5 grams, he should be re-sentenced. Defendant cites the Supreme Court decisions of <u>Booker</u>, <u>Cunningham v. California</u>, and <u>Kimbrough</u>. Those decisions, however, have no application in § 3582(c)(2) proceedings. <u>See</u> <u>United States v. Dunphy</u>, 551 F.3d 247 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 2401 (2009).

Defendant also is not entitled to a sentence reduction based on Amendment 706 to the sentencing guidelines because the amount of crack involved exceeds 4.5 kilograms. Although defendant pled guilty to distribution of more than 5 grams of crack, subsequently at sentencing, defendant withdrew his objection to being held accountable for 14,119.9 grams of crack, and the court adopted that factual finding in the presentence report. (5/10/04 Tr. at 2, 3.) Because defendant was held accountable for 14,119.9 grams, or 14.12 kilograms, of crack, his base offense level remains 38, even with Amendment 706. <u>See</u> U.S.S.G. § 2D1.1(a)(3), (c)(1) (2008); <u>United States v. Wanton</u>, 525 F.3d 621, 622 (8th Cir. 2008) (per curiam) ("[T]he new amendment does not apply where more than 4.5 kilograms of crack is involved." (citing U.S.S.G. § 2D1.1, n.10(D)(ii)). Accordingly, the amendment does not have the effect of lowering defendant's guideline range. Under such circumstances, the court does not have the authority to reduce defendant's sentence.

Turning to defendant's motion to supplement, defendant additionally claims he should receive a sentence reduction to account for the disparity in the threshold quantities of powder cocaine and crack to trigger the mandatory minimum penalties under 18 U.S.C. §

2

841(b)(1)(A)(ii) (5 kilograms powder cocaine) and (iii) (50 grams crack). Amendment 706 was promulgated for that very reason, at least in terms of the sentencing guidelines. Simply by virtue of the fact that there continues to be a difference between the statutory penalties for offenses involving crack and offenses involving powder cocaine, (see Mot. to Supplement at 6), does not provide a basis for the court to reduce defendant's sentence under § 3582(c)(2) and defendant's supplementation of his § 3582(c)(2) motion to assert this basis would therefore be futile.

The motion for a sentence reduction is DENIED. The motion to supplement is DENIED as moot.

This 27 August 2009.

							_____
							W. Earl Britt
							Senior U.S. District Judge